Parker C. J.
drew up the opinion of the Court. This actian, though in the form of a writ of entry at common law, is nevertheless to be decided according to principles of equity as settled in courts of chancery in relation to mortgages ; for by the statute of 1785, c. 22, it is enacted, that in real actions on mortgage the judgment shall be conditional, that if the mortgager &c. shall pay to the mortgagee &c. such sum as the court shall alj/.dge due, within two months from the time of entering up judgment, with interest, then the mortgage &c. shall be void, otherwise the plaintiff shall have his writ of possession ; and in a preceding clause of the same section of the statute it is enacted, that in all causes brought for forfeiture of real estate *518 upon condition, by deed of mortgage, &c. the couit shall make 2P judgment therein .for the plaintiff to recover so much as is due according to equity and good conscience.[1]
The mortgage upon which this suit is brought was made by the defendant and his brother James McFarland, to secure a debt due from them jointly and severally to the Trustees of the Leicester Academy, and by them assigned to the plaintiff in his capacity of guardian, and the action is against Ira alone for an undivided moiety of the premises mortgaged-, of which Ira and James were tenants in common. The defendant Ira, admitting the mortgage, prays that the conditional judgment maybe entered for only one moiety of the debt, because if entered for the whole, and he pays the whole in order to relieve the estate from the mortgage and prevent the writ of possession from issuing, he would be entitled in equity to an assignment of the mortgage, to hold the same as security against James for his half of the debt, of which right he would at law be devested by reason of a subsequent mortgage made by James to Daniel M‘Farland, father of the minors for whose use the action is brought by the plaintiff as their guardian, to whom also, in the same capacity, has been assigned the mortgage so made by James M‘Farland to Daniel.
The principle on which this motion is founded is well settled in chancery, and is certainly equitable. If there be two joint debtors, or joint and several, each, as it respects the other, owing but one half the debt, though each is liable to the creditor for the whole, and they give a pledge in which they are both equally interested, and one is made to pay the whole debt, he ought to succeed to the creditor in the lien upon the pledge, until the co-debtor reimburses his part, and he will for this purpose be considered in equity the assignee of the creditor, of the pledge, and the creditor, if he does not voluntarily assign, may be compelled to do it by a bill in equity. If the plaintiff in this action had sued both the mortgagers for the whole land, in order to compel payment of the debt, the defendant, in order to redeem, would have been obliged to pay the whole debt. And then he would have stood assignee of the mortgage, in equity, *519 until the other mortgager should have contributed his share, and any second mortgage taken by the same creditor of James alone, to secure a debt subsequently incurred, would be postponed to the first mortgage in order to secure this contribution. Otherwise, by making a new loan and taking a mortgage from James of his undivided moiety, Ira, the other mortgager, may be de prived of all security, which would be unjust.
There seems to be no reason why the principle should no be applied in the present action, instead of compelling Ira to pay the whole debt and then resort to his action or bill against the plaintiff to restore his rights under the first mortgage, especially as the plaintiff has taken possession under the second mortgage with a view to foreclose the right of redemption. He has sued only for one undivided moiety of the land, which in equity stood as security for one half the debt. He has taken the other half to secure another debt voluntarily created after the mortgage was made to secure the joint debt. By this act, unless the equity powers of the Court inteipose, Ira' M‘Ear-land will probably lose a large sum of money, which he had good reason to believe was secured by the joint mortgage of the whole estate.
The Court have power by the statute to render the conditional judgment for what is due in equity and good conscience. Nothing is due in equity and good conscience in relation to the land mortgaged, under these circumstances, beyond the moiety of the debt, for one moiety of the land has been taken into the hands of the creditor to secure another debt from James alone.
This however is upon the supposition that the debt secured by the first mortgage made by both, was equitably as well as legally due from both ; if, on the other hand, the money raised upon that mortgage was for the benefit of Ira alone, James being in fact his surety, the principle would not apply, for in that case the conditional judgment would be for the whole debt.
This conditional judgment for one half the debt will be no bar to an action against Ira for the residue, because the facts on which the judgment is founded will be specially set forth.

Judgment for possession, unless the defendant should within two months pay half the money due on the bond.

 See Revised Stat. c. 107, § 4.